Howard v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-466-CR

RAMAUD RASHAD HOWARD APPELLANT

A/K/A RAMAAD RASHAD HOWARD

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Ramaud Rashad Howard a/k/a Ramaad Rashad Howard was charged with possession of four grams or more but less than two hundred grams of cocaine with intent to deliver.  The trial court denied Appellant’s pretrial motion to suppress evidence seized and statements made after Appellant’s warrantless arrest.  Appellant was found guilty by a jury and, after pleading true to the indictment’s enhancement paragraph, was sentenced by the trial court to twenty-five years’ confinement.  On appeal, Appellant’s sole point challenges the denial of his motion to suppress.  We will affirm.

At the suppression hearing, the only evidence presented was the testimony of Fort Worth police officer Roy L. Hudson.  Officer Hudson testified that on July 10, 2002, as he was performing surveillance on an undercover narcotics assignment, he observed Appellant standing on the street corner of Hattie and Tennessee in front of an abandoned home, a well-known location for “street dealing” drugs.  Officer Hudson explained that “street dealing” involves a dealer’s flagging down vehicles and selling cocaine to people in the vehicles. He testified that he saw Appellant flag down at least four cars from this location.  On cross-examination, Officer Hudson explained that he did not see a transaction between Appellant and the first car because he was driving around the block, but he did observe transactions with persons in at least three other cars. 

Officer Hudson testified that in the transactions he observed, Appellant would walk up to each vehicle that he flagged down, exchange something with the car’s occupant, and then walk to a tree beside the abandoned house and put something into the tree.  Officer Hudson further testified on cross-examination that while he did not actually see what was exchanged, he had a “hunch” that Appellant was selling drugs because Appellant’s behavior was consistent with that of a dealer selling drugs on a street corner. 

Officer Hudson relayed this information to his fellow narcotics team members, who approached Appellant, detained and handcuffed him, and tried to find the tree that Officer Hudson had described to them.  When they were unable to find the specific tree that Officer Hudson had described, Hudson got out of his car and made Appellant walk to the tree to retrieve a plastic bag containing what Hudson believed, based on his experience and training, to be cocaine.  Officer Hudson also testified that he went to the tree to retrieve the bag as well.  Appellant was then arrested. 

Appellant, relying on 
Stull v. State
, 772 S.W.2d 449, 451 (Tex. Crim. App. 1989), now argues that Officer Hudson’s “hunch” was insufficient to establish probable cause to arrest him.
  Generally, officers must secure an arrest warrant before taking someone into custody.  
Dyar v. State
, 125 S.W.3d 460, 463 (Tex. Crim. App. 2003).  However, an officer may arrest an individual without first obtaining a warrant if (1) there is probable cause with respect to that individual and (2) the arrest falls within one of the exceptions specified in articles 14.01 through 14.04 of the Texas Code of Criminal Procedure.  
See 
Tex. Code Crim. Proc. Ann.
 arts. 14.01-.04 (Vernon 2005); 
Stull
, 772 S.W.2d at 451.  Probable cause exists if “the facts and circumstances within the officer’s knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing the arrested person had committed or was committing an offense.”  
Guzman
 
v. State
, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997).  Furthermore, under the exception found in article 14.01(b), an officer may make a warrantless arrest “for any offense committed in his presence or within his view.” 
 Tex. Code Crim. Proc. Ann.
 art. 14.01(b).

Applying the appropriate standard of review,
(footnote: 2) we hold that the facts and circumstances within Officer Hudson’s knowledge at the time of Appellant’s arrest were sufficient to warrant a prudent man in believing that Appellant had committed an offense.  
Appellant’s arrest was based on more than an officer’s “hunch.”  Officer Hudson testified that he observed Appellant’s flagging down cars, a behavior consistent with drug dealing, in an area known for drug activity.  Officer Hudson stated that he observed four incidents in which Appellant flagged down a car, and in three of those he watched Appellant approach the car, exchange something with the car’s occupant, and then walk to a tree and put something into the tree.  While Officer Hudson did not see what was exchanged, he testified that, based on his experience and training, he believed that Appellant appeared to be selling drugs on the street corner.  Even 
Stull v. State
, the case on which Appellant relies, recognizes that when police observe behavior that is not overtly criminal, if that behavior is coupled with the officers’ prior knowledge, it can be sufficient to establish probable cause.  772 S.W.2d at 451-52.

Based on Officer Hudson’s observations and his prior knowledge and experience, the narcotics team approached Appellant and handcuffed him.  Officer Hudson made Appellant walk to the tree and located a plastic bag at the base of the tree containing what Hudson identified, based on his experience and training, as cocaine.  Appellant was then arrested.  Accordingly, Officer Hudson’s observations of Appellant’s behavior at a location known for drug activity, in addition to Hudson’s experience and training and the substance found at the tree that appeared to be cocaine, are sufficient to establish probable cause to believe that Appellant was committing the crime of possession of cocaine with intent to deliver in Officer Hudson’s presence.  We overrule Appellant’s point.

Having overruled Appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM 

PANEL F: MCCOY, GARDNER, AND WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 26, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Oles v. State
, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); 
Guzman
, 955 S.W.2d at 89
.